UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRADLEY WHEELER and LISA GREGSON,<br><br>                Petitioner,<br><br>vs.<br><br>AL RAMIREZ, RON SHEPHERD, SHEP LAW GROUP, STATE OF IDAHO,<br><br>                Respondent. | Case No. 1:19-cv-00371-CWD<br><br>**INITIAL REVIEW ORDER** |

Petitioner Bradley Wheeler (Petitioner) has filed a Petition for Writ of Habeas Corpus on behalf of himself, and his wife, Lisa Gregson. It is unclear whether Petitioner is attempting to challenge his state court conviction or challenge various judgments resulting from collection actions in which creditors have sued him, evidenced by the attachments to his Petition. (Dkt. 3.) Federal habeas corpus relief under 28 U.S.C. § 2254 is a very limited remedy, available to persons who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States.

**INITIAL REVIEW ORDER - 1**

The Court is required to review each newly-filed habeas corpus petition to determine whether it is should be served upon the respondent, amended, or summarily dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition will be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases. It is appropriate for the Court to take judicial notice of court dockets from other court proceedings, including state courts. Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Having reviewed the Petition, the Court concludes that Petitioner must either join the claims brought in this case, Case No. 1:19-cv-00371-CWD (Case 371), with those asserted in his already-pending federal habeas corpus action, Case No. 1:19-cv-00215-REB (Case 215); or clarify that the claims in this petition arise from a different conviction than that challenged in Case 215. The Court also concludes that Petitioner cannot maintain a federal cause of action on behalf of another person (even his wife), without a showing that he is a licensed attorney.

## REVIEW OF PETITION

The Idaho Department of Correction (IDOC) "Offender Search Details" online record for Petitioner shows that he had three different convictions: (1) aggravated assault/battery on certain personnel in Canyon County Case No. 14-18-9228, with a sentence satisfaction date of May 7, 2033; (2) stalking in the first degree in Canyon

**INITIAL REVIEW ORDER - 2**

County Case No. CR13-21638, with a sentence satisfaction date of November 1, 2018; and assault/battery on certain personnel in Canyon County Case No. CR 14-24637, with a sentence satisfaction date of November 1, 2018.[1] Therefore, it appears that Petitioner has satisfied two of his three sentences. However, both Case 215 and 371 appear to challenge that same conviction, which is impermissible. All claims arising from a single conviction must be brought in a single action. *See* 28 U.S.C. § 2244(a) (If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed.).

Case 215 has just been served on the Respondent. Because it is in its early stages, the petition in that case can be amended. Therefore, Petitioner will be required to bring all of his claims challenging the same convictions and sentences in Case 215. Petitioner's request to file a second or successive federal habeas corpus petition is improper, because no final judgment has been entered in Case 215. *See* 28 U.S.C. § 2244(b)(3)(A); *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000) (A habeas petition is considered a "second or successive petition" only if the first petition was dismissed with prejudice, whether on procedural grounds or on the merits of the claims.).

Petitioner's inclusion of extraneous parties such as the state of Idaho and lawyers who are pursuing collections against him is improper. *See Smith v. Idaho*, 383 F.3d 934, 937 (9th Cir. 2004). A petitioner challenging his present physical confinement must name

---

[1] See https://www.idoc.idaho.gov/content/prisons/offender_search/detail/23948?last_page=.

**INITIAL REVIEW ORDER - 3**

the warden of the facility where he resides as the respondent in the action. *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

## CONCLUSION

If Petitioner is attempting to challenge another conviction in this action that he has not already challenged in Case 215, he should make that clear by filing an amended petition in Case 371. If he is attempting to challenge the same conviction in both Case 215 and 371, he must file a notice of dismissal in Case 371 and file a motion to amend in Case 215, together with a proposed amended petition that contains all of his claims relating to a single conviction and sentence. Petitioner cannot bring a claim on behalf of his wife, and Plaintiff cannot challenge creditors' actions, judgments, or garnishments in a habeas corpus action, which is narrowly reserved only to challenge detention or custody. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Petitioner shall have thirty days to take action to remedy the deficiencies explained above. If he does not, this case will be dismissed without prejudice without further notice.

## ORDER

**IT IS ORDERED:**

1. No later than thirty days after entry of this Order, Petitioner shall take one of the following actions: (1) file an amended petition in this action, or (2) file an amended petition in Case 215 and a notice of dismissal in this action.

**INITIAL REVIEW ORDER - 4**

2. Because it appears that Petitioner may have sufficient assets to pay the filing fee, the application to proceed in forma pauperis (Dkt. 1) is DENIED without prejudice to Petitioner submitting a more detailed explanation of his current financial circumstances or paying the $5.00 filing fee.

DATED: November 20, 2019

Honorable Candy W. Dale
United States Magistrate Judge